

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1402
Re: Per diem, and traveling expenses of
    members of the State Board of Barber
    Examiners.

We have for acknowledgment your letter of September 26th, in which you ask the opinion of this department upon several questions relating to the State Board of Barber Examiners. These questions will be discussed by us in the order in which they appear in your letter.

Your first two questions read as follows:

"(1) What constitutes the performance of duties to entitle a Member of the Board to draw per diem?

"(2) When a Board Member spends a portion of the day working at his occupation, is he entitled to draw per diem for that day?"

The performance by a Board member of any duty or service which he is authorized or required to perform in his official capacity under the provisions of the law creating and prescribing the duties and powers of the State Board of Barber Examiners, will authorize and entitle him to receive his per diem compensation for the day in which such duty or service is performed by him, regardless of the length of time required to perform the service.

Where a statute fixes an officer's compensation at a certain sum per day, such officer, performing any substantial service on a particular day, has a right to receive his per diem compensation for that day, regardless of the length of time required for the performance of the

Hon. W. Lee O'Daniel, Page 2.

service or duty. State vs. Hurn, 102 Wash. 328, 172 Pac. 1147, 1 A.L.R. 274 and note.

The statute providing for the compensation of the members of the State Board of Barber Examiners reads as follows:

"The compensation of the members of the Board shall be a per diem of Ten ($10.00) Dollars per day for each day, exclusive of Sunday, when performing their duties at the main office in Austin, Texas, and Ten ($10.00) Dollars per day, inclusive of Sunday, when performing their official duties when away from the main office in Austin, Texas, and in addition to the per diem provided for herein, they shall be entitled to their actual traveling expenses. Each Board member shall make out, under oath, a complete itemized statement of the number of days engaged and the amount of their expenses when presenting same for payment."

It results from this provision of the law (a portion of Section 27 of Article 734a, Vernon's Sayles Revised Civil Statutes) that the members of the Board may not receive a per diem for Sunday services performed at the main office in Austin, Texas, but may receive a per diem for Sunday services when performing their official duties away from the main office at Austin, Texas.

Your third question reads as follows:

"(3) Is a Board Member who does not attend the regular monthly Board meeting in Austin entitled to receive per diem, even though he performs his prescribed duties elsewhere?"

The authority of a Board member to receive his per diem compensation for services performed away from the main office at Austin, Texas, does not depend upon his attendance of the monthly meetings of the Board at Austin. If, on the day that the monthly meeting of the Board is held in Austin, one of the members should happen to be performing his official duties away from the main office at Austin, Texas, he will be entitled to his per diem for that day's service, but not, of course, to his per diem for that day's service away from Austin and also another

Hon. W. Lee O'Daniel, Page 3.

per diem for duties performed at the main office in Austin.

Your fourth question reads as follows:

"(4) What authority is required by the
Comptroller and Treasurer for the payment of
money out of the State Board of Barber Examiners
Fund, such money to be used for the payment of
per diem, salaries, and traveling expenses?"

At the outset, we may observe that neither the
Comptroller nor the Treasurer has any authority to pay
any money out of the State Board of Barber Examiners Fund,
except such as is appropriated out of that fund by the
Legislature under the terms of the departmental appropria-
tion bill. A special fund is not available as such, but
is only available to the extent of and within the limita-
tions imposed by the general law and the departmental ap-
propriation bill. Unless, therefore, there is an appropria-
tion for the item for which payment is requested to be
made, no warrant may be drawn by the Comptroller for the
payment of such item.

Claims for the payment of per diem, salaries,
and traveling expenses, out of the appropriation made
for the State Board of Barber Examiners, must, at the out-
set, be presented to the Comptroller in conformity with
Article 4355, R.C.S. 1925, as amended, Acts 1931, 42nd
Legislature, p. 400, Ch. 243, which reads as follows:

"All claims and accounts against the State
shall be submitted on forms prescribed by the
Comptroller and in duplicate, when required by
him, except claims for pensions, and shall be so
prepared as to provide for the entering thereon,
for the use of the Comptroller's Department, as
well as other appropriate matters, the following:

"1. Signature of the head of the department
or other person responsible for incurring the
expenditure.

"2. Appropriation number, account number
and fund to be charged.

"3. Initials of the person ascertaining if
there are funds available.

"4.   Initials of the person auditing the claim.

"5.   Number and date of warrant issued.

"6.   Initials of the person comparing the claim and warrant."

In presenting a claim to the Comptroller for the issuance of a warrant for per diem and traveling expenses of Board members, each Board member, in conformity with the provisions of Section 27, Article 734a, Vernon's Sayles Revised Civil Statutes, must make out and present under oath a complete itemized statement of the number of days engaged in the performance of his official duties and the amount of his expenses incurred. With respect to all claims for traveling expenses, the following provisions of the rider appended to Senate Bill 427, Acts of the 46th Legislature, Regular Session, must be observed:

"(f)   The following rules shall be observed by all State employees in rendering their expense accounts before any expense account shall be paid from appropriations herein made for traveling expenses:

"1.   There must be a concise statement of the duties performed, and the points from which the employee travels from the designated post of duty and all other towns visited and the object of such visit and of the specific expenses incurred.

"2.   The name of hotel, restaurant, boarding or rooming house at which meals and lodging are procured shall be given in every case where a receipt is required under this Act.

"3.   The name of the transportation agency used and the cost of the ticket purchased, together with a signed receipt for the same.

"4.   Fees, as tips to waiters on dining cars, or at hotels or restaurants, shall not be paid out of State funds. ...

"(j) Except as otherwise specifically exempted, the provisions of this Act shall also apply to department heads and members of commissions."

Section (e) of the rider provides:

"All employees traveling at the expense of the State are hereby limited to the amount of $4.00 per day expenses for meals and lodging; it being specifically provided that the employee shall obtain receipts for all amounts expended for all items costing in excess of 50¢ each, and shall file said receipts with their expense accounts, which expense accounts must be duly itemized and sworn to; and the State Comptroller is hereby expressly prohibited from paying any expense accounts which are not itemized and sworn to and accompanied by receipts as herein provided. It shall be the duty of the Board of Control of this State to furnish to all employees of the State covered in this bill necessary forms for the printing of such receipts."

With respect to claims for the issuance of warrants for salaries of the employees of the State Board of Barber Examiners, the requisition should be made on forms prescribed by the Comptroller under the provisions of Article 4355, above-quoted. In addition, there must be a full compliance with the provisions of the rider to Senate Bill 427, denominated "Salary Payments," which provides as follows:

"No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties. Every month the head of each department shall attach to the payroll for his department an affidavit, under oath, stating that the persons listed in said payroll actually performed the duties for which they were being paid. The Comptroller shall not issue warrants for the payment of salaries listed on said payroll unless this affidavit is filed with him. Each department head shall number consecutively the salaried positions in his department for which an appropriation is made herein (either out of the general revenue fund, fees, receipts, special funds or

Hon. W. Lee O'Daniel, Page 6.

out of other funds available for use by said department) and opposite the number of the position, he shall set out the title of the position and the name of the person employed to fill the same. This statement shall be filed with the Comptroller, who shall, when issuing his warrant to any employee in payment of salary due said employee, number the warrant with the same number that is assigned to the position filled by said employee. Every department head shall notify the Comptroller in writing of any changes in personnel in his department. This provision shall not apply to seasonal help, and shall not prevent persons drawing their salary warrants during authorized vacation periods."

Trusting that this furnishes the desired information, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED OCT 4, 1939

FIRST ASSISTANT
ATTORNEY GENERAL